EASTERN DIST.
*May*, 1840.

SHIPMAN & AYRES
*vs.*
HAYNES ET AL.

All the intervening parties to a suit having an interest in the judgment, must be made parties to the appeal, or it will be dismissed.

---

SHIPMAN AND AYRES *vs.* HAYNES ET AL.

APPEAL FROM THE COMMERCIAL COURT OF NEW-ORLEANS.

Where the plaintiffs' attorney *consented* that the facts set forth in certain interrogatories propounded to them by the defendants, touching the ownership of the note sued on, should *be taken.for granted*, in order to prevent delay in the trial ; the admission or confession cannot be recalled or disregarded, and the party may avail himself of it after judgment.

This is an action by George P. Shipman and Thomas N. Ayres, residing in New-York, on the following promissory note :

" *New-Orleans, 13th November,* 1838.

" Thirteen months after date, we severally and jointly promise to pay to the order of H. Haynes, nine hundred and seventy-seven dollars and ninety-six cents, for value received."

S. HAYNES,

JACOB SHAUB."

*Endorsed.* " HENRY HAYNES."

The plaintiffs allege, that Shaub is absent from the state, and pray an attachment against him, and for judgment, *in solido,* against all the defendants.

The defendants admitted their signatures; and denied that the plaintiffs were owners of the note ; that it was the property of William B. Ayres, and the proceeds to go to his benefit ; they also aver that he is indebted to one of them, in the sum of three thousand seven hundred dollars, for moneys advanced and services rendered, which they set up in compensation.    They also propounded interrogatories, requiring the plaintiffs to answer separately, in substance, that Wm. B. Ayres was the true owner of the note, and that the proceeds, when collected, were to be remitted to him.

The plaintiffs' counsel declined having these interrogatories answered, as they resided in New York, and it would have a tendency to delay the trial.   Their counsel also consented that the interrogatories might be taken for confessed.

There was judgment against the makers of the note, and and one of non-suit in favor of the endorser.

Execution issued on this judgment, and six hundred dollars was made out of the sale of 40 shares of Firemen's Insurance stock standing in the name of Shaub, the absent defendant.

In the mean time, Stewart Haynes, one of the defendants in the execution, obtained a judgment in the Parish Court for three thousand six hundred and eighty dollars and eleven cents against Wm. B. Ayres ; and he took a rule on the plaintiffs and sheriff to show cause why the money made on the exection, should not be paid over to him, in part satisfaction of this judgment ; and adduced as evidence, that the money belonged to said Ayres, the *confession of defendants'* interrogatories by the plaintiffs in this suit, through their

attorney. The plaintiffs' attorney offered his own testimony to show that the admission was made for the sole purpose of preventing delay, and to facilitate the trial of the suit, and was not binding in this case.

The judge presiding was of opinion it was competent for the attorney to make the confession, or consent, on behalf of the plaintiffs, that the interrogatories be taken for granted, and having been made, it could not be recalled or retracted. He gave judgment on the rule ordering the money to be paid over to S. Haynes. The plaintiffs appealed.

*G. B. Duncan,* for the plaintiffs.

*F. Haynes,* contra.

*Morphy, J.,* delivered the opinion of the court.

This suit was brought on a note of hand, drawn by two of the defendants, and endorsed by the other. The defence set up was, that the note did not belong to the plaintiffs, but was the property of Wm. Ayres, the brother of one of them, who was largely indebted unto Stewart Haynes, one of the defendants, which debt was pleaded in compensation against the demand of plaintiffs; and interrogatories were put to the latter to ascertain whether the said Wm. Ayres was not really the owner of the note, and would not receive from them the amount of it when collected. Plaintiffs' counsel consented that the facts set forth in the interrogatories should be taken for granted, and they proceeded to trial. No proof having been administered of any sum being due by Wm. Ayres to any of the defendants, the plaintiffs had judgment, and on execution being issued, a sum of six hundred dollars was levied, by the sale of forty shares of the capital stock of the Firemen's Insurance Company, belonging to Jacob Shaub, one of the defendants. In the mean time, Stewart Haynes having obtained in the Parish Court a judgment against Wm. Ayres, for three thousand six hundred and eighty dollars and eleven cents, seized the moneys made in this suit as belonging to his debtor, and took a rule on the

Where the plaintiffs' attorney *consented* that the facts set forth in certain interrogatories propounded to them by the defendants, touching the ownership of the note sued on, should *be taken for granted,* in order to prevent delay in the trial, the admission or confession cannot be recalled or disregarded, and the party may avail himself of it after judgment.

plaintiffs and the sheriff, to show cause why the said moneys should not be paid over to him in satisfaction of his judgment against Wm. Ayres. This rule being made absolute, the plaintiffs appealed.

On the trial of the rule, the plaintiffs' attorney attempted to recall his admission of Wm. Ayres' ownership of the note sued on, by offering his testimony to prove that, as his clients resided in New-York, where it would have been necessary to send the interrogatories, he made the admission for the sole purpose of preventing delay, and enabling Haynes to offer any defence which he might have to make against the plaintiffs or Wm. Ayres. The court below properly disregarded this testimony ; it could not destroy the legal effects of an admission which the attorney was competent to make. S. Haynes being a party to the suit in which this admission was made, we see no good reason why he should not be permitted to avail himself of it after the judgment, as he could have done on the trial ; by the course pursued, the same result has been reached, which he sought to obtain under his pleadings.

It is, therefore, ordered, that the judgment of the Commercial Court be affirmed, with costs.